In Re: Mattoon, No. S0822-03 CnC (Katz, J., Oct. 30, 2003)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT          SUPERIOR COURT

Chittenden County, ss.:          Docket No. S0822-03 CnC

IN RE DELILAH ROSE MATTOON AND EZEKIEL ROBERT MATTON

ENTRY
(Testimony of children and appointment of guardian ad litem)

Petitioner seeks to change her children's surname to their stepfather's, which she has also adopted.  The biological father opposes this request.  To establish that this change is in the best interests of the children, Petitioner seeks to introduce the testimony of the children and requests the appointment of a guardian ad litem .

When a parent against the wishes of the other petitions to changes their children's surname, we must examine a number of factors to determine if the change is in the "best interests of the child." In re Wilson, 162 Vt. 281, 284 (1994).  Evidence of children's surname preference is considered by a number of jurisdictions to be relevant but not controlling.

A.L.R. 5th 697 <u>Names of Children</u> § 13.  Such a preference is relevant only to the extent that it will assist us in making the determination,  <u>Lawerence v. Lawerence</u>, 538 A.2d 779, 782 (Md. App. 1988), and is within our discretion.  <u>In re Wilson</u>, 162 Vt. at 285.  Through evidence from petitioner and her witnesses, we expect to learn of the children's preference and their reasons for it.  See generally Pet. Mot. to Recons., June 12, 2003.  Since this information is available, we do not find the children's testimony necessary.  Unless the parties can persuasively demonstrate relevant information that only the child can give, we find that such testimony would needlessly expose the children to a hostile situation between their parents.

It is also likely that the children's ages will disqualify their testimony.  While the statute controlling this area does not create a presumption, the fact that the legislature only begins to requires the minors consent at age 14 suggests that there is skepticism toward the "preference" of children under 14.  15 V.S.A. § 812; see also <u>Christensen v. Christensen</u>, 941 P.2d 622, 625 (Utah 1997) (finding it unnecessary to take testimony from a 9 year old child concerning her preference); <u>Lazow v. Lazow</u>, 147 So.2d 12, 14 (Fla. Ct. App. 1962) (questioning the ability of a 12 year old to form an "independent" preference).  In light of such skepticism, we are reluctant to pursue or encourage travel down such evidentiary avenues.

Guardian ad litems will be appointed only where there is a statutory call, V.R.F.P. 7(c), or a demonstrable need.  <u>Meyer v. Meyer</u>, 173 Vt. 195, 201 (2001).  Petitioner has not demonstrated that the children's best interest are unrepresented by either herself or the children's father.  We decline to appoint one at this time.

After taking pertinent testimony from adults, we will consider whether there is some gap requiring testimony from the children.

Dated at Burlington, Vermont_____, 2003.


_____
Judge